### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

___

BOULEVARD SOUVENIRS,

    Plaintiff,

vs.                                                                 Docket No.: _____
                                                                                   Div.:              _____

ELVIS PRESLEY ENTERPRISES,
INC., and CAROL BUTLER, Individually,

    Defendants.

___

### COMPLAINT
___

COMES NOW the Plaintiff, Boulevard Souvenirs, by and through its attorneys of record, and sues the Defendants, Elvis Presley Enterprises, Inc., and Carol Butler, as follows:

### JURISDICTION

1. The Plaintiff Boulevard Souvenirs ["BLSV'] is a Tennessee Corporation located at 3706 Elvis Presley Boulevard, Memphis, Shelby County, Tennessee.

2. The Defendant Elvis Presley Enterprises ["EPE"] is a Delaware Corporation with its Corporate Headquarters located at 3734 Elvis Presley Boulevard, Memphis, Shelby County, Tennessee 38116.

3. The Defendant Carol Butler ["CB"] is an employee of Elvis Presley Enterprises Inc. and is a resident of Shelby County, Collierville, Tennessee. Her residential address upon information and belief is 1162 Sugar Lane, Collierville, Tennessee, 38017.

4. This Court has jurisdiction due to the Federal Questions involving the Sherman Anti-Trust Act; The Clayton Act: Restraint of Trade and Unfair Trade Practices Act pursuant to 15 U.S.C. §§ 1, 2, and 3.

## **FACTS**

5.      The plaintiff BLSV was incorporated by Rick and Renae Roberts in April of 2000.  Rick Roberts rented the space at 3706 Elvis Presley and personally spent his own time and money in turning an automotive repair facility into a retail store, specializing in "Elvis" memorabilia.  A lease agreement was signed on November 11, 1999, with C.B. Richard Ellis.  To date there are thirteen (13) years left on the current lease.

6.      The plaintiff BLSV began doing business in 2000 selling retail merchandise that they had purchased from "officially licensed EPE vendors."  These particular vendors were licensees of EPE and they either manufactured "Elvis" memorabilia or were wholesalers of "Elvis" product.

7.      The plaintiff BLSV is an independent retail facility and is in no way a part of EPE and has never had any affiliation with EPE.

8.      The plaintiff BLSV is and has been a competitor of EPE and EPE's numerous retail stores in and around Memphis but especially in the immediate vicinity of Graceland.  The plaintiff BLSV is a retail store not affiliated with EPE and is within a five mile radius of Graceland.  In fact, it is next door.

9.      Upon information and belief, CB is the current Vice President of International Licensing for EPE and conducts her activities for EPE at the 3734 Elvis Presley Blvd. address, which is next door to BLSV.  CB has been trying to eliminate BLSV for many years and it is believed that she is the author of Ex. 1 and one of the conspirators which makes the basis of this lawsuit.

10. In January 2006, a representative of EPE approached Rick Roberts and offered to assume the remaining thirteen (13) years of their lease and purchase the retail store for the cost of their inventory. (Approximately $350,000.00). This offer was rejected by Rick Roberts.

11. In January 2007, BLSV was informed by many of their vendors that EPE had issued a letter of Amendment (Attached as Ex. 1) amending their previous licensing agreement and provided in pertinent part:

> *"Notwithstanding any provision to the contrary, Licensee acknowledges that to protect the vitality and strength of the Property and the Licensed Products, and to prevent the commingling of Licensed Products with counterfeit goods, Licensee shall (i) within a five (5) – mile radius of Graceland only sell the Licensed Products to Licensor, Licensor's owned retail stores, and the retail stores located on Exhibit G, unless Licensor consents in advance to the distribution and sale of Licensed Products to other parties in writing, and (ii) not sell the Licensed Products to any retail or on-line store in which Licensee has knowledge, or is advised by Licensor during the Term of this Agreement, that bootleg or counterfeit products bearing the Property of Licensor are being sold or offered."*

12. Upon information and belief if the "official EPE licensees" did not sign the amendment, their license agreement would be terminated.

13. Because of the threat to terminate the licensing agreements, all of BLSV's vendors have either called or written expressing their regret that they can no longer sell product

to BLSV. These vendors are located throughout the United States and there disallowance to sell to BLSV will have an effect on interstate commerce.

16. The plaintiff BLSV has been grossing approximately $1,000,000.00 per year for the last three (3) years and sales are expected to continue to increase, especially since this year is the thirty (30) year anniversary of Elvis Presley's death.

15. The defendants, EPE and CB have purposely attempted to restrain trade and cut off BLSV's "life-line" of product, without which, they cannot stay in business. Thus, the defendants will have eliminated their closest competitor.

16. The plaintiff BLSV sells "Elvis Presley" memorabilia to persons visiting Graceland and these visitors come from all over the country and from around the world. BLSV's prices are substantially lower than the prices for the same and similar merchandise that is sold by EPE retail stores around Graceland. If the defendants are allowed to continue their monopolizing conspiracy, interstate commerce will be affected.

## CAUSES OF ACTION

17. **Unfair Restraint of Trade and Monopoly**: By choosing to threaten their own licensees with the termination of their licensing agreements if they sell to BLSV, the defendants have violated 15 USC §§ 1, 2, and 3. The defendants have attempted to monopolize all of the retail operations in and around "Graceland" and by interfering with the plaintiff's vendors, have caused a significant effect on local and interstate commerce. By cutting-off BLSV's product lines, the defendants have caused immediate and irreparable harm to the plaintiff and have effectuated a monopoly which congress has specifically set out to defeat.

18. **Conspiracy**: The defendants have conspired to eliminate all competition in and around Graceland and have placed the heavy-handed amendment to their licensing contract into

effect so as to maximize their profits for the "thirty –year anniversary of Elvis Presley's death" and beyond.

19. **<u>Tortious Interference with Plaintiff's Contracts</u>**: Plaintiff has enjoyed a mutually beneficial relationship with its many vendors over the past seven (7) years. At any given time, plaintiff would contact a certain vendor and product would be shipped within a matter of days and payment for those goods would then ensue. By threatening plaintiff's vendors with the termination of their licensing contract, the defendant's have tortiously interfered with the contracts, both written and oral, between the plaintiff and their vendors.

## PRAYER FOR RELIEF

20. The plaintiff BLSV has been harmed by the defendant's tortuous conduct and will continue to suffer irreparable harm to the point of losing their entire business. The plaintiff BLSV therefore, brings this suit for an amount to fairly compensate them for their loses both past and future in the amount of $13,000,000.00 and ask this honorable Court to assess punitive damages for their intentional actions and knowing violations of 15 U.S.C. §§ 1, 2, and 3 in the amount of $26,000,000.00.

Respectfully submitted,

/s/ Randall N. Songstad

Randall N. Songstad (#18442)
Rachel L. Songstad (#24339)
Attorneys for Plaintiff
7286 Deadfall Road
Arlington, TN  38002
(901) 382-0080